MAYER BROWN LLP
JOHN NADOLENCO (SBN 181128)
jnadolenco@mayerbrown.com
JEFF R. R. NELSON (SBN 301546)
jnelson@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone:   (213) 229-9500
Facsimile:   (213) 625-0248

Attorneys for Defendants
AT&T Corp., AT&T Mobility LLC, and
DIRECTV, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH E. MCCARTHY, individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>     v.<br><br>AT&T, a Texas corporation; AT&T MOBILITY, LLC, a subsidiary of AT&T; DIRECTV, (DirecTV), a subsidiary of AT&T; PRIME COMMUNICATIONS, a Texas corporation; JESSICA MCCOWN, and  NICKOLAS COREY, individually and as employee/agents of Prime Communications; EXPERIAN, a credit reporting corporation, (CRA); NATIONAL COLLECTION BUREAU, Inc. and CREDENCE RESOURCE MANAGEMENT, LLC, debt collection agencies; DOES 1 through 100, inclusive,<br><br>                  Defendants. | Case No. 2:16-cv-5159<br><br>California State Court Case No. 16CVP-0137<br><br>**NOTICE OF DEFENDANTS AT&T CORP., AT&T MOBILITY LLC, AND DIRECTV, LLC OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>(DIVERSITY JURISDICTION— CLASS ACTION FAIRNESS ACT) |

## NOTICE OF REMOVAL OF ACTION BY
## DEFENDANT AT&T CORP.

TO THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendants AT&T Corp., AT&T Mobility LLC, and DIRECTV, LLC ("DIRECTV") hereby remove to this Court the state-court action described below.

## STATEMENT OF JURISDICTION

This is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332(d), and that therefore may be removed to this Court under 28 U.S.C. §§ 1441, 1446, and 1453, for the reasons below.[1]

## FEDERAL DIVERSITY JURISDICTION UNDER
## THE CLASS ACTION FAIRNESS ACT

1.      On May 31, 2016, plaintiff Ralph E. McCarthy ("McCarthy") filed a putative class action in the Superior Court of the State of California for the County of San Luis Obispo entitled: *RALPH E. MCCARTHY, individually and on behalf of all others similarly situated v. AT&T, a Texas corporation; AT&T MOBILITY, LLC, a subsidiary of AT&T; DIRECTV, (DirecTv), a subsidiary of AT&T; PRIME COMMUNICATIONS, a Texas corporation; JESSICA MCCOWN, and NICKOLAS COREY, individually and as employee/agents of Prime Communications; EXPERIAN, a credit reporting corporation, (CRA); NATIONAL COLLECTION BUREAU, Inc. and CREDENCE RESOURCE MANAGEMENT, LLC, debt collection agencies; DOES 1 through 100, inclusive*; Case Number 16CVP-0137.

2.      On June 13, 2016, AT&T Corp., AT&T Mobility LLC, and DIRECTV were each served with the Summons, Class Action Complaint, and other case-opening documents.

---

[1] AT&T's relationships with its customers are governed by service contracts that contain agreements to arbitrate.  AT&T hereby reserves its right to compel Plaintiff to arbitrate his claims in accordance with his arbitration agreement.

1

3.      The Court has jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), which grants district courts original jurisdiction over putative class actions with more than 100 class members where the aggregate amount in controversy exceeds $5 million, and "any member of [the] class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d).  As set forth below, this action satisfies each of the requirements of Section 1332(d)(2) for original jurisdiction under CAFA.

4.      **Covered Class Action.**  This action meets CAFA's definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure."  28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b).  McCarthy alleges that he has filed his action "both individually and as a class action, pursuant to *CCP sec. 382* and *Civil Code sec. 1781*."  Compl. ¶ 15.  Section 382 of the California Code of Civil Procedure governs class actions in California state court.

5.      **Class Action Consisting of More than 100 Members.**  The Complaint alleges that "[t]he members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Class members can only be ascertained through discovery, plaintiff believe [sic] there are well over a 1000 Class members."  *Id.* ¶ 21.  Accordingly, the aggregate number of members of the putative class is greater than 100 persons, as required by 28 U.S.C. § 1332(d)(5)(B).

6.      **Minimal Diversity**.  To satisfy CAFA's minimal diversity requirement, "any member of [the] class of plaintiffs" must be "a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  That requirement is met here.

7.      Specifically, McCarthy alleges that he has been "a resident of Paso Robles, CA for the last 10 years."  Compl. ¶ 3.

8.      By contrast, AT&T Corp. is incorporated in New York with its headquarters and principal place of business in New Jersey.  Accordingly, AT&T Corp. is a citizen of New York and New Jersey.  28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

9.      In addition, AT&T Mobility LLC is a Delaware limited liability company with its headquarters and principal place of business in Georgia. Accordingly, AT&T Mobility LLC is a citizen of Delaware and Georgia.  28 U.S.C. § 1332(d)(10).

10.     DIRECTV is a California limited liability company with its headquarters and principal place of business in California.  Accordingly, DIRECTV is a citizen of California.  *Id.*

11.     CAFA's minimal diversity requirement therefore is satisfied: McCarthy is a citizen of California while AT&T Corp. is a citizen of New York and New Jersey and AT&T Mobility LLC is a citizen of Delaware and Georgia.

12.     **Amount in Controversy.**  Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." *Id.* §§ 1332(d)(2), (d)(6); *see also, e.g.*, *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013).  Although defendants deny the claims alleged in the Complaint and further deny that McCarthy, or any putative class member, is entitled to any monetary (or other) relief, the amount in controversy here satisfies the jurisdictional threshold, as explained below.

13.     **Amount in Controversy – Restitution and Disgorgement.**  The Complaint itself is silent as to the precise amount of damages sought, merely alleging that the amount "far exceeds $25,000."  Compl. ¶ 1(a).  However, given the size of the putative class and the monetary relief sought, the amount in controversy exceeds $5 million, exclusive of interest and costs.

3

14.    This action is a putative class action in which McCarthy alleges that defendants engaged in "a common course of conduct" to defraud him and a putative class of consumers.  *Id.* ¶ 18.

15.    Specifically, McCarthy alleges that on June 4, 2015 he purchased an iPhone from Prime Communications, an AT&T authorized retailer.  *Id.* ¶ 25.  He alleges that after he returned the phone and was told that his "line had been disconnected," he continued to be billed for AT&T service.  *Id.* ¶ 27.  Although McCarthy acknowledges that he received a refund, he alleges that this refund did not fully address certain other, unexplained injuries resulting from alleged entries on his credit report. *See id.*

16.    McCarthy alleges that these injuries ultimately stem from Prime Communications' purported failure to alert him that it was an independent corporate entity from AT&T.  *Id.* ¶ 41.

17.    McCarthy asserts five claims: (1) an alleged violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq.*); (2) an alleged violation of California's Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq.*); (3) an alleged violation of California's Elder and Dependent Adult Civil Protection Act (Cal. Welf. & Inst. Code §§ 15657.5 *et seq.*); (4) an alleged violation of California's Consumer Credit Reporting Agencies Act (Cal. Civ. Code §§ 1785 *et seq.*); and (5) common law fraud and conversion.  Compl. ¶¶ 32-53.

18.    McCarthy purports to represent a class of "all persons who during the period from 2013 to the present, purchased, or considered purchasing telecommunications equipment of any sort . . . from any or all 'AT&T Authorized Retailer' stores in California, some 77 or more, and assumed from representations, displays and advertising [that] they were dealing directly with AT&T corporation itself, but in fact were not . . . and suffered some damages . . . as a result."  *Id.* ¶ 14.

19.    McCarthy demands a variety of relief for the members of this class, including injunctive relief, "disgorgement," "restitution," "compensatory

damages," "general damages," "economic damages," "nominal damages of at least $5,000 per person for financial abuse of a Plaintiff and elder members of the Class," punitive and "exemplary damages," and attorneys' fees and costs. *Id.* at 19-20.

20.     It is unclear what McCarthy is seeking in disgorgement and restitution.  At a minimum, he alleges that he and the members of the putative class are each entitled to "restitution and the disgorgement of all earnings, profits, compensation, benefits and other ill-gotten gains obtained by defendants as a result of defendants [sic] conduct in violation of [the Unfair Competition Law]." *Id.* ¶ 34.

21.     The amounts paid by customers of AT&T Mobility LLC's authorized retailers in California since 2013—and AT&T Mobility LLC's revenue from them—greatly exceed $5,000,000.  Although defendants deny any wrongdoing or liability to McCarthy or any members of his putative class (or even that such a class could be certified), the amount in controversy far exceeds CAFA's $5,000,000 threshold.  *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 401-02 (9th Cir. 2010) ("The Plaintiff is seeking recovery from a pot that Defendant has shown could exceed $5 million and the Plaintiff has neither acknowledged nor sought to establish that the class recovery is potentially any less.  The amount in controversy on this record therefore comprises the total billings and the jurisdictional amount is satisfied.").

22.     **Amount in Controversy – Punitive Damages, Attorneys' Fees, and Injunctive Relief.**  Even if there were any doubt that CAFA's $5 million amount-in-controversy requirement is satisfied by the requests for restitution and disgorgement alone, McCarthy's requests for punitive damages, attorneys' fees, and injunctive relief eliminate that doubt.

23.     "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th

Cir. 2001). So, too, are requests for "attorneys' fees." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

24. Moreover, when, as here, a plaintiff seeks injunctive relief, the defendant's cost of complying with the injunction is included in the amount in controversy. *See, e.g.*, *Guglielmino*, 506 F.3d at 701; *Anderson v. Seaworld Parks & Entertainment, Inc.*, 132 F. Supp. 3d 1156, 1161 (N.D. Cal. 2015).

25. It is unclear whether McCarthy is requesting that AT&T be enjoined from entering into contracts with customers through its authorized retailers, that AT&T alter its advertising and marketing to clarify the distinction between itself and its authorized retailers, or that AT&T in some way alter those legal relationships. Whatever the answer, the cost of compliance with any such injunction likely would be enormous.

## PROCEDURAL REQUIREMENTS

26. In accordance with 28 U.S.C. §§ 1446(a) and 1453(b), true and correct copies of all process, pleadings, and orders served upon AT&T Corp., AT&T Mobility LLC, and DIRECTV are attached to this Notice of Removal as Exhibit 1.

27. This Notice of Removal has been timely filed in accordance with 28 U.S.C. §§ 1446(b) and 1453(b) because AT&T Corp., AT&T Mobility LLC, and DIRECTV each received service of the Complaint on June 13, 2016.

28. This Notice of Removal is properly filed in this Court in accordance with 28 U.S.C. § 1441(a) because the state court from which this action was removed—California Superior Court for San Luis Obispo County—is located within the Central District of California. *Id.* § 84(c).

29. In accordance with 28 U.S.C. § 1446(d), written notice of this removal will be served on McCarthy and filed with the state court. A copy of the proposed notice to the plaintiff is attached as Exhibit 2; a copy of the proposed notice to the state court is attached as Exhibit 3. Both notices have had their

6

accompanying attachments removed.  These documents will be submitted after this Notice of Removal is filed.

30.    AT&T Corp., AT&T Mobility LLC, and DIRECTV intend no admission of liability by this Notice of Removal and expressly reserve all defenses, motions, and pleas—including their right to move to compel McCarthy to resolve his disputes in arbitration on an individual basis.

31.    In the event of a dispute over removal, defendants respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary, in accordance with *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014).

Dated:  July 13, 2016

Respectfully Submitted,

MAYER BROWN LLP

By: /s/ John Nadolenco
     John Nadolenco

JOHN NADOLENCO (SBN 181128)
jnadolenco@mayerbrown.com
JEFF R. R. NELSON (SBN 301546)
jnelson@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone:   (213) 229-9500
Facsimile:    (213) 625-0248

Attorneys for Defendants
AT&T Corp., AT&T Mobility LLC, and
DIRECTV, LLC